**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Artemio GONZALEZ, Defendant–**
**Appellant.**

No. 04–40904.
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided April 13, 2005.

Jennifer Bess Lowery, U.S. Attorney's Office, Eastern District of Texas, Beaumont, TX, for Plaintiff–Appellee.

James A. Delee, Law Offices of James A. Delee, Port Arthur, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and PRADO, Circuit Judges.

PER CURIAM: *

Artemio Gonzalez appeals from his guilty-plea conviction and sentence for conspiring to possess 500 grams or more, but less than five kilograms, of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. Although the district court sustained Gonzalez's objections to the enhancement of his sentence as a career offender pursuant to U.S.S.G. § 4B1.1 and to the calculation of his criminal history score, Gonzalez argues that the district court erred when it refused to grant a downward departure or sentence Gonzalez to the low end of the Guidelines range.

Gonzalez has failed to adequately brief the issue of whether the district court erred when it declined to grant a downward departure. *See* FED. R.APP. P. 28(a)(9); *see Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993). He therefore has failed to show that the district court erred with respect to this issue. Furthermore, to the extent that Gonzalez is arguing that the district court erred when it did not sentence him to the low end of the Guidelines range, this argument lacks merit. Gonzalez does not argue that the district court failed to consider appropriate sentencing factors, that the district court erred when it calculated his Guidelines range, or that his sentence was unreason-able. Gonzalez's sentence is therefore AFFIRMED. *See United States v. Mares,* 402 F.3d 511, 517–18 (5th Cir.2005).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.